# IN THE U.S. DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| STEPHENSON HARWOOD LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. __ |
| | ) |
| PAN AMERICAN MARKETING | ) |
| GROUP LLC AND DR. RANDY | ) |
| BRINSON | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Stephenson Harwood LLP ("Plaintiff" or "Stephenson Harwood") files this complaint for breach of contract, unjust enrichment, quantum meruit, open account, and promissory estoppel against Pan American Marketing Group, LLC ("PMG") and Dr. Randy Brinson ("Brinson") (collectively "Defendants").

In support thereof, Plaintiff alleges the following:

## I.   INTRODUCTION

1. This action is for legal and equitable relief to redress an undisputed debt for unpaid attorneys' fees.

2. This suit is brought regarding Defendants' failure to pay certain

1

invoices from June 2022 onwards (the "Outstanding Invoices") arising from Plaintiff representing Defendants in arbitration against Parker Lloyd Ltd ("Parker Lloyd").

3. On September 1, 2021, Plaintiff and Defendants signed an engagement letter (the "Engagement Letter") stating that Plaintiff would represent Defendants in their dispute with Parker Lloyd regarding outstanding sums owed by Parker Lloyd to Defendants.

4. During Plaintiff's representation of Defendants in their suit for outstanding sums, Defendants stopped paying legal fees to Plaintiff.

5. However, Defendant Brinson represented to Plaintiff through various statements from June 2022 to February 2023 that he would pay as funds became available, and Plaintiff proceeded with representation arbitration upon Defendant Brinson's request and because of Brinson's representations.

6. Despite Defendant Brinson's assurances, and in breach of Plaintiff's terms and conditions of engagement defined in the Engagement Letter, Defendants have not paid the Outstanding Invoices.

7. Defendants had previously paid £52,649.72 (or approximately $68,056.34) to Plaintiff for its fees.

8. Plaintiff requested payment of the Outstanding Invoices in a letter sent on August 11, 2023 ("Demand Letter"), and in a subsequent demand letter served on February 21, 2024. At the time of the Demand Letter, Defendants owed Plaintiff

£88,953.69 (or approximately $113,049.64), plus interest.

9. However, Defendants have not paid the Outstanding Invoices, and no settlement has been reached. Therefore, Plaintiff brings this complaint.

## II. PARTIES

10. Plaintiff Stephenson Harwood LLP is a foreign limited liability partnership headquartered in London, England. Stephenson Harwood's principal place of business is located at 1 Finsbury Circus, London EC2M 7SH.

11. Defendant Pan American Marketing Group, LLC is a limited liability company located at 7080 Sydney Curve, Montgomery, Alabama 36117.

12. Defendant Dr. Randy Brinson is a natural person residing in Montgomery County, Alabama, at 9226 Vaughn Road, Pike Road, Alabama 36064. Defendant Brinson's business address is 451 St. Lukes Dr., Montgomery, Alabama 36117.

## III. JURISDICTION, VENUE, AND CHOICE OF LAW

13. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Plaintiff is a citizen of a foreign state and is not admitted for permanent residence in the United States and is not domiciled in Alabama. Specifically, Plaintiff is a citizen of the United Kingdom and Defendants are citizens of Alabama.

14. This Court has personal jurisdiction over Defendants because the Defendants reside or are headquartered in Alabama and, therefore, this Court has general personal jurisdiction over them.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant Brinson resides in the Middle District of Alabama and Defendants are residents of Alabama.

16. Under the Engagement Letter and Standard Terms of Business, Plaintiff may choose to bring suit against Defendants in either the English courts or in the courts of the United States. Accordingly, Plaintiff brings suit in the United States District Court for the Middle District of Alabama.

### IV.   FACTUAL ALLEGATIONS

A. **Engagement Letter**

17. On September 1, 2021, Plaintiff Stephenson Harwood and Defendants PMG and Dr. Brinson signed an engagement letter dated August 31, 2021 (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached hereto as **Exhibit A** and is incorporated herein by reference.

18. According to the Engagement Letter, Plaintiff was to prepare a demand letter addressed to Parker Lloyd Ltd ("Parker Lloyd") regarding outstanding sums owed by Parker Lloyd to Defendants.

19. According to the Engagement Letter, Plaintiff would continue to

represent Defendants through the dispute if the demand letter to Parker Lloyd was not successful.

20. In the Engagement Letter, Plaintiff and Defendants agreed on fees and payment.

### B. Promises of Payment by PMG

21. Plaintiff continued to represent Defendants in arbitration against Parker Lloyd throughout 2022 and early 2023, notwithstanding Defendants' failure to pay certain invoices from June 2022 onwards (the "Outstanding Invoices").

22. Plaintiff accepted in good faith Defendants' assurances that the Outstanding Invoices would be settled by Defendants in due course.

23. During arbitration, Plaintiff proceeded at Defendant Brinson's request and upon his representations that he would pay as he came into funds, including his individual tax refund.

24. Defendant Brinson directed Plaintiff to engage in arbitration and was involved in that arbitration as late as February 28, 2023.

25. Defendant Brinson made the following statements:

   a. On June 29, 2022, "Can I pay you guys in a couple of payments. I have some money coming in later in July and august [sic]."

   b. On August 14, 2022, "I can pay the July invoice for you now and then pay the 11,500 pounds if it doesn't delay things."

c. In December 2022, in response to a request for an update on repayments, "I understand all that. Please work with me, I will pay the 4500 pounds but I will have to wait to make some additional income to pay a little at . . . time."

d. On February 9, 2023, "I can pay again once taxes are paid and we see where we stand on the LCIA."

e. On February 28, 2023, "I will pay you guys on going when new costs arent [sic] dropped on me. Surely you understand I can get a payment first of April."

26. Despite these assurances and in breach of Plaintiff's terms and conditions of engagement, Defendants have not repaid the Outstanding Invoices.

C. **Request for Payment of the Outstanding Invoices**

27. Plaintiff expects that Defendants will pay for services rendered.

28. On August 11, 2023, Plaintiff sent a letter to Defendants regarding the Engagement Letter and Defendants' outstanding fees to Plaintiff. A true and correct copy of the Letter dated August 11, 2023, is attached hereto as **Exhibit B** and is incorporated herein by reference.

29. In the August 11, 2023, letter, Plaintiff noted the Outstanding Invoices that had not been paid in full by Defendants. Plaintiff stated that because the Outstanding Invoices had not been settled for months, Plaintiff's credit control team

had become involved.

30. Plaintiff was surprised at Defendants' default given that Defendants had paid £52,649.72 towards Plaintiff's fees previously.

31. Plaintiff requested that Defendants pay a significant portion of the Outstanding Invoices within the next 14 days, with the remaining balance in monthly installments.

32. Plaintiff proposed that, if more than 50% of the Outstanding Invoices were settled, Plaintiff would write to Parker Lloyd to make a further demand for payment.

**D. Demand Letter**

33. On February 21, 2024, Plaintiff served a Demand Letter on Defendant Brinson at his address, 9226 Vaughn Road, Pike Road, Alabama 36064. At that time, the amount due with respect to the Engagement Letter totaled $113,049.64 (£88,953.69) plus interest. A true and correct copy of the Demand Letter is attached hereto as **Exhibit C** and is incorporated herein by reference.

34. In the Demand Letter, Plaintiff stated that it would prefer to resolve the matter without pursuing additional legal action, but that it would pursue litigation if necessary.

35. On March 27, 2024, Plaintiff sent a follow-up letter to Defendants' counsel regarding its demand for payment.

36. Plaintiff stated it was willing to consider a prompt settlement, but it should not be nominal. Otherwise, Plaintiff would proceed with suit against Defendants.

37. On or around June 3, 2024, Defendants offered $1,216.56 to Plaintiff to settle the matter in full. However, the amount is insufficient considering the $113,049.64 plus interest that is outstanding.

38. To date, no settlement has been reached.

## V.    CAUSES OF ACTION

### COUNT I
### Breach of Contract

39. Plaintiff adopts and incorporates the previous paragraphs as if specifically alleged in this paragraph.

40. Plaintiff and Defendants entered into an Engagement Letter on August 31, 2021, a binding contract between the parties.

41. Plaintiff performed all its obligations under the Engagement Letter representing Defendants in their claims against Parker Lloyd.

42. Defendants did not perform all their obligations under the Engagement Letter.

43. For instance, Defendants failed to pay the Outstanding Invoices owed to Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor and against

Defendants in the amount of the unpaid Outstanding Invoices along with all other amounts owed by Defendants to Plaintiff under the Engagement Letter, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, and any other equitable or legal relief to which Plaintiff may be entitled.

## COUNT II
## Unjust Enrichment

44. Plaintiff adopts and incorporates the previous paragraphs as if specially alleged in this paragraph.

45. Plaintiff conferred a benefit that enriched Defendants, namely their legal services during Plaintiff's representation of Defendants in the arbitration proceedings against Parker Lloyd.

46. Defendants knowingly accepted the benefit of the legal services by signing the Engagement Letter and proceeding through arbitration, making it unjust for Defendants to not pay Plaintiff the value of their legal services.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in the amount of the unpaid Outstanding Invoices along with all other amounts owed by Defendants to Plaintiff under the Engagement Letter, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, and any other equitable or legal relief to which Plaintiff may be entitled.

## COUNT III
## Quantum Meruit

47. Plaintiff adopts and incorporates the previous paragraphs as if specially alleged in this paragraph.

48. Plaintiff provided the benefit of legal services to Defendants over the course of Plaintiff's representation in the arbitration with Parker Lloyd that was knowingly accepted by Defendants in the Engagement Letter.

49. Plaintiff had a reasonable expectation of being compensated for its legal services to Defendants because Defendant Brinson repeatedly told Plaintiff that he would have the money soon and to proceed with arbitration.

50. For example, Defendant Brinson said on June 29, 2022, "Can I pay you guys in a couple of payments. I have some money coming in later in July and august [sic]." In December 2022, Defendant Brinson said, "Please work with me, I will pay the 4500 pounds but I will have to wait to make some additional income to pay a little at . . . time." On August 14, 2022, Defendant Brinson said, "I can pay the July invoice for you now and then pay the 11,500 pounds if it doesn't delay things." On February 9, 2023, Defendant Brinson said, "I can pay again once taxes are paid and we see where we stand on the LCIA." And on February 28, 2023, Defendant Brinson said, "I will pay you guys on going when new costs aren't [sic] dropped on me. Surely you understand I can get a payment first of April."

WHEREFORE, Plaintiff demands judgment in its favor and against

Defendants in the amount of the unpaid Outstanding Invoices along with all other amounts owed by Defendants to Plaintiff under the Engagement Letter, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, and any other equitable or legal relief to which Plaintiff may be entitled.

## COUNT IV
## Open Account/Account Stated

51. Plaintiff adopts and incorporates the previous paragraphs as if specially alleged in this paragraph.

52. Plaintiff rendered to Defendants a statement of the account between Plaintiff and Defendants in its August 11, 2023, letter listing the Outstanding Fees.

53. Also, Plaintiff sent Defendants a Demand Letter on February 21, 2024, listing the amount due and a follow-up letter on March 27, 2024, listing the amount due.

54. Plaintiff and Defendants agreed that the Outstanding Fees were the correct amounts due.

55. Defendants admit that it is liable for the Outstanding Fees.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants in the amount of the unpaid Outstanding Invoices along with all other amounts owed by Defendants to Plaintiff under the Engagement Letter, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, and

any other equitable or legal relief to which Plaintiff may be entitled.

## COUNT V
### Promissory Estoppel

56. Plaintiff adopts and incorporates the previous paragraphs as if specially alleged in this paragraph.

57. Defendants made a promise to pay Plaintiff for their legal services when Defendants signed the Engagement Letter on September 1, 2021.

58. Defendants should have reasonably expected their promise to pay legal fees would induce Plaintiff to represent them in arbitration proceedings with Parker Lloyd and incur legal costs as agreed upon.

59. Defendants' promise to pay in the Engagement Letter did in fact induce Plaintiff to represent them in arbitration proceedings against Parker Lloyd and incur legal costs.

60. Injustice in Defendants' not upholding their promise to pay Plaintiff can only be avoided by Defendants paying the Outstanding Invoices in the amount of $113,049.64 (£88,953.69) plus interest.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants in the amount of the unpaid Outstanding Invoices along with all other amounts owed by Defendants to Plaintiff under the Engagement Letter, plus pre-judgment and post-judgment interest, applicable interest charges, court costs, and

any other equitable or legal relief to which Plaintiff may be entitled.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants and provide Plaintiff the following relief:

A.   A judicial decree requiring Defendants to perform the terms of the Engagement Letter;

B.   Actual, compensatory and consequential damages;

C.   Such interest as allowed by law;

D.   Nominal damages to the extent applicable;

E.   The costs of this suit;

F.   Plaintiffs' reasonable attorney's fees as provided under the terms of their agreement with Defendants; and

G.   Such additional relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Brian J. Malcom
BRIAN J. MALCOM
ELISE N. HELTON

*Attorneys for Plaintiff*

13

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1901 Sixth Ave. N., Ste. 2600
Birmingham, Alabama 35203
Telephone (205) 250–8369
bmalcom@bakerdonelson.com
ehelton@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2024, the foregoing has been served upon the following counsel of record via this Court's electronic filing system and U.S. First Class Mail, postage prepaid and properly addressed as follows:

Stuart H. Memory  
Memory Memory & Causby, LLP  
469 S. McDonough Street (36104)  
Post Office Box 4054  
Montgomery, Alabama 36103-4054  
T: (334) 834-8000

                                                  /s/ Brian J. Malcom  
                                                  Brian J. Malcom