IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHENSON HARWOOD, LLP, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PAN AMERICAN MARKETING )<br>GROUP, LLC, *et al.*, )<br>)<br>    Defendants. ) | CIVIL CASE NO. 2:24-cv-761-ECM<br>[WO] |

**O R D E R**

It appears to the Court that the allegations of the Complaint are insufficient to invoke this Court's diversity jurisdiction. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction[.]" *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1] The Plaintiff, Stephenson Harwood, LLP ("SH"), is a limited liability partnership. "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). The Complaint asserts that SH "is a citizen of a foreign state and is not admitted for permanent residence in the United States and is not domiciled in Alabama. Specifically, Plaintiff is a citizen of the United Kingdom." (Doc. 1 at 3, para. 13). Because the Complaint does not assert the citizenship of the partners

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of SH, it does not adequately establish the citizenship of SH for the purpose of determining the existence of diversity jurisdiction.

One of the Defendants, Pan American Marketing Group, LLC ("PAMG"), is a limited liability company. For purposes of diversity jurisdiction, a limited liability company is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. The Complaint asserts that PAMG is a citizen of Alabama because it is "headquartered in Alabama." (Doc. 1 at 4, para. 14). Because the Complaint does not assert the citizenship of the members of PAMG, it does not adequately establish the citizenship of PAMG for the purpose of determining the existence of diversity jurisdiction.

The other Defendant, Dr. Randy Brinson ("Brinson"), is an individual. For diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam). "[D]omicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). The Complaint asserts that Brinson "resides in the Middle District of Alabama." (Doc. 1 at 4, para. 15). But for purposes of diversity jurisdiction, residence and citizenship are not coterminous, and citizenship is what must be alleged to invoke jurisdiction. *See Taylor*, 30 F.3d at 1367. The facts alleged in the Complaint, therefore, do not adequately establish Brinson's citizenship for the purpose of determining the existence of diversity jurisdiction. Accordingly, for good cause, it is

ORDERED that on or before **December 13, 2024**, the Plaintiff shall amend its Complaint to sufficiently allege jurisdiction. If the Plaintiff fails to do so, the Court may dismiss this case for lack of subject matter jurisdiction.

DONE this 4th day of December, 2024.

                         /s/ Emily C. Marks
                         EMILY C. MARKS
                         CHIEF UNITED STATES DISTRICT JUDGE