IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHENSON HARWOOD, LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:24-cv-761-ECM |
| ) | [WO] |
| PAN AMERICAN MARKETING ) | |
| GROUP, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On November 26, 2024, Plaintiff Stephenson Harwood LLP ("SH"), a large international law firm, sued Defendants Pan American Marketing Group, LLC ("PAMG") and Dr. Randy Brinson ("Brinson"), alleging that the Defendants failed to pay certain invoices arising from SH's representation of PAMG in an arbitration. Brinson is the sole member of PAMG, which hired SH to represent it in the arbitration on September 1, 2021. In June 2022, PAMG stopped paying SH. Relying on Brinson's repeated "representations that he would pay as he came into funds," SH continued to represent PAMG in the arbitration through February 28, 2023. (Doc. 6 at 6, paras. 28–30). The Defendants have yet to pay the outstanding debt.

On February 14, 2025, Brinson moved to dismiss the claims against him. (Doc. 15). He asserts that members of LLCs are generally not liable for the LLC's debt, and he "does not become liable for [PAMG's] alleged debt to [SH] by merely being [its] [m]anaging [m]ember." (Doc. 15 at 3). SH responded with a number of arguments. (Doc. 19). In

relevant part, SH claims that "Brinson's oral promises" to repay the debt "constitute a verbal guarantee." (*Id.* at 6). Acknowledging that collateral agreements[1] are subject to the statute of frauds, SH asserts that Brinson's representations constitute an original agreement,[2] which is not subject to the statute of frauds. (Doc. 19 at 6–7). In his reply, Brinson does not address SH's argument surrounding Brinson's oral representations. (*See* doc. 20).

At this stage, and accepting SH's factual allegations as true, the Court finds dismissal of the claims against Brinson would be premature. Based on Brinson's representations to SH, it is plausible that he entered into an original agreement with SH such that he would pay SH if it continued arbitrating on PAMG's behalf, despite receiving no payments from PAMG. Relying on this representation, SH continued to work for PAMG and Brinson, all the while not receiving payment from either. Accordingly, the Court will deny the motion to dismiss. Brinson is free to raise his arguments, with further briefing, at summary judgment.

For the reasons stated above, and for good cause, it is

ORDERED that Brinson's motion to dismiss (doc. 15) is DENIED.

---

[1] "A collateral agreement is one in which the object of the promise is to become the guarantor of another's debt." *Baker v. Hanks*, 661 So.2d 1155, 1157 (Ala. 1995).

[2] "[A]n original agreement is one in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor." *Id.* "A promise to pay the debt of another which is based upon a new and valuable consideration which is beneficial to the promisor is not within" the statute of frauds. *Phillips Brokerage v. Pro. Pers. Consultants*, 517 So.2d 1, 2 (Ala. Civ. App. 1987).

3

DONE this 15th day of August, 2025.

                                /s/ Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE